

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

**VIA ECF**  July 3, 2024
The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

    Re: <u>SEC v. Silvergate Capital Corporation, et al., No. 24 Civ. 4987 (ALC) (S.D.N.Y.)</u>

Dear Judge Carter:

    Plaintiff Securities and Exchange Commission ("SEC") respectfully submits for the Court's consideration the attached consents of and proposed final judgments as to Defendants Silvergate Capital Corporation ("SCC") (the holding company of Silvergate Bank ("Silvergate")); former Silvergate CEO Alan J. Lane ("Lane"); and former Silvergate COO Kathleen Fraher ("Fraher"). If approved, the proposed consent judgments would resolve all of the SEC's claims in this case against Defendants SCC, Lane, and Fraher.[1] The SEC charges SCC, Lane, and Fraher with misleading SCC investors regarding the adequacy of Silvergate's Bank Secrecy Act/Anti-Money Laundering compliance and SCC with misleading investors regarding the company's losses from expected securities sales.

    The proposed consent judgments would:

(1) enjoin SCC from future violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act"), and Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder;

(2) enjoin Lane from future violations of Securities Act Sections 17(a)(2) and 17(a)(3);

(3) enjoin Fraher from future violations of Securities Act Section 17(a)(3);

(4) require SCC to pay a civil penalty of $50,000,000, which shall be offset by any payments made by SCC and/or its wholly-owned subsidiary, Silvergate, to the Federal Reserve Board of Governors and/or the California Department of Financial Protection and Innovation to satisfy their penalties within 30 days of the date of final judgment;

(5) require Lane to pay a civil penalty of $1,000,000;

---

[1] The case would proceed as to Defendant Antonio Martino.

(6) require Fraher to pay a civil penalty of $250,000; and

(7) prohibit Lane and Fraher from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act for five years following the date of entry of the final judgment.

The Court should approve the enclosed consent judgments because they are fair and reasonable and in the public interest. *See, e.g., SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014) (setting out standard for reviewing proposed consent judgments in government enforcement actions).

Accordingly, the SEC respectfully requests that the Court approve the attached proposed final consent judgments against SCC, Lane and Fraher and docket them with their signed consents.

                                                  Respectfully submitted,

                                                  */s/ Peter A. Mancuso*
                                                  Peter A. Mancuso
                                                  Trial Counsel

cc: Counsel for all Settling Defendants (via ECF)
    Doug Davison, Linklaters LLP - Counsel for Defendant Martino (via e-mail)