# Linklaters

Linklaters LLP
601 Thirteenth Street N.W.
Suite 400 South
Washington, D.C. 20005
Telephone (+1) 202 654 9200
Facsimile (+1) 202 654 9210

**VIA ECF & EMAIL**                                                                                          August 27, 2024

Honorable Andrew L. Carter, Jr.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

***Re: SEC v. Silvergate Capital Corporation, et al., No. 24 Civ. 4987 (ALC) (S.D.N.Y.),
Defendant Antonio Martino's Request for Pre-Motion Conference***

Dear Judge Carter:

We represent Defendant Antonio Martino and write pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference before moving to dismiss the Complaint, ECF No. 1, pursuant to Fed. R. Civ. P. 12(b)(6).

The Securities and Exchange Commission ("**SEC**") accuses Mr. Martino—the former CFO of Silvergate Bank (the "**Bank**")[1]—of engaging in fraud to conceal the Bank's precarious financial position. Compl. ¶ 5. The allegations stem entirely from highly technical and complex other than temporary impairment ("**OTTI**") accounting determinations, which require a forward-looking assessment of the Bank's future expected securities sales. *See, e.g., id.* ¶¶ 5, 175–186, 207. The Complaint's allegations are implausible because (a) the Complaint fails to allege that Mr. Martino had any personal motive, *e.g.*, that he sold any shares or received a bonus;[2] (b) Mr. Martino and the Bank contemporaneously disclosed that the Bank was under severe stress, disclosing (i) a net loss of $1.0 billion; (ii) a 49.8% reduction in the Bank's securities portfolio, with over $750 million in losses from the sale of securities; (iii) a 40% reduction in workforce; and (iv) a nearly 70% decline in digital asset customer deposits; and (c) Mr. Martino and the Bank disclosed the very losses the SEC alleges to be at issue as accumulated other comprehensive loss ("**AOCL**") instead of OTTI.[3] In short, "the market got the message" that the Bank was experiencing a financial and operational crisis. *S.E.C. v. SolarWinds Corp.*, No. 23 CIV. 9518 (PAE), 2024 WL 3461952, at *46 (S.D.N.Y. July 18, 2024).

---

[1] The Bank has since changed its name to Silvergate Liquidation Corporation.

[2] Indeed, "[m]otives that are common to most corporate officers, such as the desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation, do not constitute motive for purposes of this inquiry." *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*, No. 19-CV-10825 (JPO), 2021 WL 212337, at *6 (S.D.N.Y. Jan. 21, 2021), *aff'd sub nom. Town of Davie Police Officers Ret. Sys. v. City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan*, No. 21-909-CV, 2021 WL 5142702 (2d Cir. Nov. 5, 2021) (citation and quotation marks omitted).

[3] Compl. ¶¶ 5, 163–64, 170–71; Ex. A, January 17, 2023 press release on Form 8-K ("**January 17 Release**") at 1, 4–5, 9, 12; Ex. B, January 5, 2023 press release on Form 8-K ("**January 5 Release**") at 2–3; Ex. C, January 17, 2023 earnings call transcript on Form 8-K ("**Earnings Call**") at 2–3.

The Complaint is also implausible because it characterizes the fraud as one involving alleged false statements of fact (the "**Statements**").  In reality, however, these Statements reflect the Bank's and Mr. Martino's opinions and predictions regarding OTTI which: (a) Mr. Martino and the Bank expressly cautioned investors not to unduly rely upon, making clear that they involved "subjective or complex judgments about matters that are inherently uncertain";[4] and (b) the SEC itself has acknowledged are highly "complex," require "judgment" and are especially difficult to evaluate in an "economic crisis" (such as the collapse here of FTX Trading Ltd. and the larger cryptocurrency market in late 2022 and early 2023).[5]  For these and the following reasons, the Complaint fails to state a claim upon which relief can be granted.

## I. Legal Standard

To establish claims under Exchange Act Section 10(b), Rule 10b-5, or Securities Act Section 17(a)(1), the SEC must show, as relevant here, that the defendant made (i) a material, (ii) misrepresentation or omission, (iii) with scienter.  *S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir. 1999).  Sections 17(a)(2)–(3) require the same elements, though typically only require negligence instead of scienter.  *See id.*; *S.E.C. v. Ginder*, 752 F.3d 569, 574 (2d Cir. 2014).  To plead materiality requires showing that "there is a substantial likelihood that [the] statement or omission significantly altered the total mix of information made available, as viewed by the reasonable investor."  *La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 440 (S.D.N.Y. 2010) (citation and quotation marks omitted).  To plead falsity of an opinion, the SEC must establish that the defendant did not sincerely believe the opinion to be true or that the defendant represented facts supporting the opinion that were untrue.  *Gregory v. ProNAi Therapeutics Inc.*, 297 F. Supp. 3d 372, 396 (S.D.N.Y.), *aff'd*, 757 F. App'x 35 (2d Cir. 2018).[6]  Finally, "[a] complaint will survive only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  *Dempsey v. Vieau*, 130 F. Supp. 3d 809, 814 (S.D.N.Y. 2015), *adhered to on reconsideration*, No. 13 CV 6883-LTS, 2016 WL 3351081 (S.D.N.Y. June 15, 2016) (citation and quotation marks omitted).[7]

Under Exchange Act Section 13(b)(5), "[n]o person shall knowingly circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account described in paragraph (2)."  Adequately pleading Section 13(b)(5) requires a showing of scienter.[8]  Under Rule 13b2-1, "[n]o person shall directly or indirectly, falsify or cause to be falsified, any book, record or account subject to section 13(b)(2)(A) of the Securities Exchange Act," and for aiding and abetting, the SEC must establish that the defendant knew of and substantially assisted in achieving a "securities law violation by the primary (as opposed to the aiding and abetting) party," *Martin v. Prudential Bache Sec.*, No. 84 CIV. 5055 (MJL), 1985 WL

---

[4] Ex. D, the Bank's Form 10-K for 2021 ("**2021 10-K**") at 54, 66–67; *see, e.g.*, Ex. A, January 17 Release at 10; Ex. A, earnings presentation attached to Form 8-K along with the January 17 Release ("**Earnings Presentation**"), at 2.

[5] S.E.C., Report and Recommendations Pursuant to Section 133 of the Emergency Economic Stabilization Act of 2008: Study on Mark-To-Market Accounting, 25, 30 (Dec. 30, 2008), https://www.sec.gov/news/studies/2008/marktomarket123008.pdf.  *See* Compl. ¶ 5; Ex. A, January 17 Release at 1.

[6] Further, while a plaintiff may allege that the defendant omitted certain facts that would have rendered a sincerely held opinion not misleading, courts make clear that "sincerely held statements of opinion are rarely actionable." *Gregory*, 297 F. Supp. 3d at 417.

[7] While ordinarily recklessness can be sufficient for Section 10(b), Rule 10b-5, and Section 17(a)(1) and negligence is sufficient for Sections 17(a)(2)–(3), they are insufficient for opinions – plaintiffs must establish actual disbelief in the opinion. *See, e.g.*, *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 184 (2015); *Billhofer v. Flamel Techs., S.A.*, No. 07 CIV. 9920, 2012 WL 3079186, at *10 (S.D.N.Y. July 30, 2012); *In re Finjan Holdings, Inc. Sec. Litig.*, No. 20-CV-04289-EMC, 2021 WL 1391539, at *12 (N.D. Cal. Apr. 13, 2021).

[8] *S.E.C. v. Stanard*, No. 06 CIV 7736(GEL), 2009 WL 196023, at *30 (S.D.N.Y. Jan. 27, 2009).

1087, at *2 (S.D.N.Y. Apr. 29, 1985) (citation omitted). Further, as described above, where the allegedly false statement is an opinion, the Complaint must establish that the defendant knew the opinion to be false or provided an untrue supporting fact. *See Gregory*, 297 F. Supp. 3d at 396.

## II.    The Complaint Fails to Plead Securities Fraud

*First*, Mr. Martino is effectively immune from this enforcement action under the "bespeaks caution" doctrine because (i) investors were told, *inter alia*, that the Statements were forward-looking and based on conjecture and expectation, and were uncertain, unreliable, based on complex and subjective judgments, and dependent on future deposit levels and customer behavior for which guidance would be speculation, and (ii) the Statements were accompanied by additional cautionary language and a "sobering picture" of the Bank's financial and operating state.[9]

*Second*, even if the hyper-technical and speculative Statements were false (they were not), as described above, the Bank and Mr. Martino disclosed to investors that the Bank was under significant stress, and any losses allegedly understated within OTTI were disclosed within AOCL, rendering these Statements immaterial as a matter of law, as the Statements could not have significantly altered the total mix of information available to investors.[10]

*Third*, because the Statements concern opinions, and not purported facts, the Complaint must—but fails to—allege sufficient facts to demonstrate that Mr. Martino *subjectively* believed that the opinions were false.[11] For example, under Generally Accepted Accounting Principles ("**GAAP**"), when accounting for OTTI, a company is only permitted to recognize financial data that reflects conditions that existed as of the balance sheet date – here, December 31, 2022 (the "**Balance Sheet Date**"). ASC 855-10-25-1 and 3. Any other financial data "shall not" be considered. ASC 855-10-25-3. Nevertheless, the Complaint (i) points to alleged events occurring after the Balance Sheet Date; (ii) claims these events and related facts conflict with the Statements (all of which relate to OTTI); and (iii) reflexively concludes, without evidence or any well-pled allegations, that the Statements were therefore knowingly false and made with scienter.[12] The Complaint fails to allege *any* facts that could bridge these factual and analytical gaps, and instead alleges facts that actually *undercut* a finding of scienter.[13] Relatedly, the lack of a personal financial motive, absence of materiality, complexity of accounting related to OTTI, Mr. Martino's transparency regarding the

---

[9] *Rombach v. Chang*, 355 F.3d 164, 175–76 (2d Cir. 2004); *see, e.g.*, Ex. A, January 17 Release at 1, 4–5, 9–10, 12, 14; Ex. A, Earnings Presentation at 2; Ex. D, 2021 10-K at 2, 54, 66–67; Ex. C, Earnings Call at 2–3, 4–6; Ex. B, January 5 Release at 2–3. Courts regularly apply this common law doctrine in SEC enforcement actions. *See, e.g.*, *S.E.C. v. Thompson*, 238 F. Supp. 3d 575, 602 (S.D.N.Y. 2017); *S.E.C. v. Perry*, No. CV-11-1309 R, 2012 WL 1959566, at *7 (C.D. Cal. May 31, 2012).

[10] *See, e.g.*, Compl. ¶¶ 5, 163–64, 170–71; Ex. A, January 17 Release at 1, 4–5, 9, 12; Ex. C, Earnings Call at 2–3; Ex. B, January 5 Release at 2–3; *In re Xerox Corp. Sec. Litig.*, 935 F. Supp. 2d 448, 488 (D. Conn. 2013), *aff'd sub nom. Dalberth v. Xerox Corp.*, 766 F.3d 172 (2d Cir. 2014); *In re Ambac Fin. Group, Inc. Securities Litig.*, 693 F. Supp. 2d 241, 279 (S.D.N.Y. 2010); *Labul v. XPO Logistics*, No. 3:18-CV-2062 (SRU), 2021 WL 1056828, at *10 (D. Conn. Mar. 19, 2021), *aff'd sub nom. Loc. #817 IBT Pension Fund v. XPO Logistics, Inc.*, No. 21-986, 2022 WL 2358414 (2d Cir. June 30, 2022); *In re Thornburg Mortg., Inc. Sec. Litig.*, 824 F. Supp. 2d 1214, 1265–66 (D.N.M. 2011), *aff'd sub nom. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190 (10th Cir. 2013). The Complaint also fails to plead materiality with particularity because it is silent as to the amount of the alleged understatement in future expected securities sales and OTTI and makes contradictory allegations regarding the January 4, 2023, slide deck (*Compare* Compl. ¶¶ 232–33, 238, 253 *with id.* ¶¶ 235–36) on which it heavily relies. *See Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669–70 (2d Cir. 2009); *Gavish v. Revlon, Inc.*, No. 00 CIV. 7291 (SHS), 2004 WL 2210269, at *16 (S.D.N.Y. Sept. 30, 2004); *Rivera v. Doe*, No. 16-CV-8809-(PAE) (BCM), 2018 WL 1449538, at *5 (S.D.N.Y. Feb. 26, 2018), *report and recommendation adopted*, No. 16-CIV-8809-(PAE) (BCM), 2018 WL 1441386 (S.D.N.Y. Mar. 22, 2018).

[11] *See, e.g.*, *Dempsey*, 130 F. Supp. 3d at 818.

[12] *See, e.g.*, Compl. ¶¶ 5, 166–67, 184–86, 214–16, 233, 235–36, 238, 244, 251, 263, 266, 269, 270, 272, 281–82, 295, 297–306, 308, 310, 312.

[13] *See, e.g.*, Compl. ¶¶ 194, 215, 256, 279, 309, 310.

Bank's overall financial stress and the specific losses at issue (within AOCL), and the pervasive cautionary language negate scienter.[14]

### III. The Complaint Fails to Adequately Allege the Accounting Controls and Aiding and Abetting Claims and Impermissibly Seeks Injunctive Relief

For the same reasons that the SEC fails to adequately plead subjective falsity and scienter for securities fraud, it also fails to establish under Section 13(b)(5) that Mr. Martino knowingly failed to implement or circumvented the Bank's accounting controls or knowingly falsified its accounting. The Complaint also fails to establish that Mr. Martino sincerely believed the OTTI-related Statements to be false, as required to make out the Rule 13b2-1 and aiding and abetting claims, since OTTI and expected securities sales are inherently opinions. Finally, the Complaint requests two permanent injunctions against Mr. Martino, Compl. ¶¶ III, V, but fails to allege—as required—a lack of an adequate remedy at law or irreparable harm.[15] This relief must be denied, and the Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

/s/ Adam Lurie

Adam Lurie

cc: All parties of record (via ECF)

---

[14] *See, e.g.*, *Nat'l Gen. Holdings Corp.*, 2021 WL 212337, at *6–*7; *In re PXRE Grp., Ltd.*, Sec. Litig., 600 F. Supp. 2d 510, 533–34 (S.D.N.Y.), *aff'd sub nom. Condra v. PXRE Grp. Ltd.*, 357 F. App'x 393 (2d Cir. 2009); *Dempsey*, 130 F. Supp. 3d at 818; *S.E.C. v. Price Waterhouse*, 797 F. Supp. 1217, 1241 (S.D.N.Y. 1992); *Gabelli Asset Fund v. Garrett Motion Inc.*, No. 23-668-CV, 2024 WL 1653451, at *2–*3 (2d Cir. Apr. 17, 2024); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Waters Corp.*, 632 F.3d 751, 757 (1st Cir. 2011).

[15] *See Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1575–76 (2024); *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006).