# Linklaters

Linklaters LLP
601 Thirteenth Street N.W.
Suite 400 South
Washington, D.C. 20005
Telephone (+1) 202 654 9200
Facsimile (+1) 202 654 9210

**VIA ECF & EMAIL**  May 16, 2025

Honorable Andrew L. Carter, Jr.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re: SEC v. Silvergate Capital Corporation, et al., No. 24 Civ. 4987 (ALC) (S.D.N.Y.), Defendant Antonio Martino's Request for Pre-Motion Conference*

Dear Judge Carter:

We represent Defendant Antonio Martino and write pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference before filing a motion to stay discovery.[1] The Court should grant Mr. Martino's proposed motion because (i) Mr. Martino has made a strong showing that the Court will dismiss charges as the Complaint is premised on implausible allegations; (ii) discovery in this case will uniquely burden Mr. Martino, and needlessly expend limited public resources; and (iii) discovery prior to this Court's decision on Mr. Martino's motion to dismiss (the "**MTD**") will result in severe prejudice to Mr. Martino (and none to the SEC).

## I. Factual and Procedural Background[2]

After an SEC investigation into Silvergate Bank (the "**Bank**") and several former officers lasting over a year and involving countless document requests and witness interviews, on July 1, 2024, the SEC filed its Complaint. As is relevant here, the Complaint alleges that Mr. Martino, despite having no personal financial motive, engaged in a narrow fraud aimed at misleading investors as to the Bank's financial condition by allegedly misrepresenting certain forward-looking and opinion-based accounting metrics, even as the Bank made numerous other disclosures which ensured the market understood the Bank's precarious financial condition. *See* ECF No. 1 ⁋ 5; ECF No. 45 at 14-20. On January 14, 2025, Mr. Martino filed the MTD (ECF No. 44), and it was fully briefed on March 31, 2025. ECF No. 48. The MTD remains pending. The parties have yet to hold a Rule 26(f) conference or serve any discovery requests.

## II. There is Good Cause for a Discovery Stay

"It is . . . well-settled that upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." *Integrated Sys.*

---

[1] On May 8, 2025, counsel for Mr. Martino conferred with counsel for the Securities and Exchange Commission ("**SEC**") regarding Mr. Martino's intention to move for a stay of discovery pending this Court's decision on Mr. Martino's motion to dismiss the Complaint. The SEC opposes a stay.

[2] Undefined capitalized terms used but not defined herein have the meaning set forth in ECF No. 45.

*& Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874(RPP), 2009 WL 2777076 at *1 (S.D.N.Y. Sept. 1, 2009). "[C]ourts in this district analyze three factors in deciding a motion to stay: '(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Heredia v. Americare, Inc.*, No. 17CV6219, 2018 WL 11579756, at *1 (S.D.N.Y. May 1, 2018). "A [pending] dispositive motion such as a motion to dismiss" may provide good cause. *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94Civ.2120(LMM)(AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996).[3]

### A. Mr. Martino has Made a Strong Showing that the SEC's Claims Lack Merit

The "strong showing" factor requires analysis of whether a motion appears to have "substantial grounds" or "appear[s] to be without foundation in law." *Heredia*, 2018 WL 11579756, at *2. As described in his MTD briefing, the SEC's allegations are implausible and fail on independent materiality, falsity, and scienter grounds. As to materiality, the Complaint fails to account for the related and dire contemporaneous disclosures rendering the alleged misrepresentations immaterial – which, in any case, are protected by the bespeaks caution doctrine as they are forward-looking opinions surrounded by directly on-point cautionary language. ECF No. 45 at 14-19; ECF No. 48 at 2-6. As to subjective falsity and scienter, the SEC impermissibly (i) points to post-Balance Sheet Date facts that it simply asserts Mr. Martino knew or should have known reflected conditions existing as of the Balance Sheet Date—as GAAP requires in order to incorporate subsequent events into an OTTI analysis—without alleging any specific facts that could plausibly bridge this logical gap; and (ii) fails to account for Mr. Martino's complete lack of motive, contradictory facts alleged in the Complaint, and Mr. Martino's disclosure of substantial negative information (e.g., a literal bank run) and cautionary language, all of which undercut scienter. ECF No. 45 at 7-11, 19-25; ECF No. 48 at 6-10.[4] For these reasons and those stated in ECF Nos. 45 and 48, the MTD has "substantial grounds" and a "foundation in law." *Heredia*, 2018 WL 11579756, at *2.

### B. Discovery in this Case Will be Broad and Burdensome

Discovery in this case will be extensive, be burdening to Mr. Martino, and likely waste public resources. The SEC alleges that Mr. Martino engaged in a fraudulent scheme to mislead investors in disclosures after the Bank's 2022 run on deposits and liquidity crisis. *See, e.g.*, Compl. ¶ 5. Discovery to support and defend against these allegations will necessarily be centered on the Bank, which has since filed for bankruptcy, as well as former employees (now dispersed) and third parties. Unlike typical cases where individual defendants can leverage company resources and counsel to gain ready access to centralized documents and sources of information (and unlike the SEC's pre-suit investigation, which benefitted from these resources prior to the Bank's chapter 11 filing), Mr. Martino must undertake the onerous and expensive task of locating and obtaining information from scattered and independent sources himself. Furthermore, in addition to former employees (*id.* ¶¶ 194, 199), the Complaint references a range of relevant third parties, including the FHLB (*id.* ¶ 166), the Bank's auditor (*id.* ¶ 194), and major financial institutions (*id.* ¶ 214). Discovery here will require significant time and resources, particularly given the broad scope of

---

[3]   *See also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 128, 130 (2d Cir. 1987) (no abuse of discretion where court granted "protective order to prevent further discovery prior to its decision on the motion to dismiss").

[4]   The SEC's Response in Opposition only further demonstrates the Complaint's facial deficiencies. For example, it merely doubles down on the Complaint's insufficient allegations and fails to adequately dispute certain exonerative facts. *See* ECF No. 48 at 1.

the SEC's allegations. In addressing the MTD, the Court is likely to dismiss some or all of the claims, thereby substantially narrowing (if not eliminating altogether) the scope of discovery.[5] Further, if all or some of the charges are dismissed, a discovery stay would obviate the need for the SEC and the Court to expend tax-funded and limited public resources. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (granting stay, in part, because "[c]ompliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not be ultimately necessary in this action").[6]

Proceeding with discovery under these circumstances, prior to resolution of the MTD, would be premature and wasteful of this Court's, Mr. Martino's, and the public's resources. It would also be particularly unfair to Mr. Martino as he would need to be deeply involved in the discovery process, which would cause significant disruption in his current job, and be exceedingly costly.

### C. The SEC Will Suffer No Prejudice from a Discovery Stay

A stay of discovery would not prejudice the SEC. *First*, as of the date of this letter, the SEC has not submitted any discovery requests. Without pending or outstanding discovery obligations, the SEC has no tangible harm or inconvenience to complain of in connection with a temporary stay.[7]

*Second*, the SEC has already had ample opportunity to conduct abundant discovery into the issues in this case. Through its investigation of the Bank and Mr. Martino, extending from at least February 2023 to July 2024, the SEC obtained significant documentary evidence, testimony, and other materials central to its claims. In light of its prior and extensive access to information, any alleged prejudice resulting from a brief stay would be minimal at most.[8]

*Third*, a discovery stay would be of limited duration while the Court addresses the pending MTD, which was fully briefed as of March 31, 2025. *See Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) ("[B]ecause PSIM's motion to dismiss has now been fully briefed 'any stay would last briefly.'").

*Lastly*, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (quotation marks omitted). Proceeding with discovery prior to a resolution of the MTD risks wasting significant resources in defense of claims that may ultimately be dismissed.

---

[5] *See Josie-Delerme v. Am. Gen. Fin. Corp.,* No. CV 2008-3166 NG/MDG, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009) (granting discovery stay, in part, because the "resolution of the motion to dismiss may obviate the need for potentially onerous discovery").

[6] *See also Weidner v. McHale*, No. 1:23-CV-00339-NYW-SBP, 2023 WL 4660813, at *3 (D. Colo. July 20, 2023) ("As Defendant Ames notes, discovery in this litigation will cost taxpayers money and resources which may not need to be expended if the Motion to Dismiss is granted[, thus t]his court . . . concludes that the fifth factor weighs in favor of a stay.") (internal citation and quotation marks omitted).

[7] *See, e.g.*, *Alloway v. Bowlero Corp.,* No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *5 (E.D.N.Y. Apr. 28, 2025) (holding that there would be no material prejudice where, *inter alia*, the "case [was] still in its nascent stage" and "[n]o discovery on the SAC ha[d] commenced yet"); *Integrated Sys. & Power, Inc.,* 2009 WL 2777076, at *1.

[8] *See Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (staying discovery pending decision on motions to dismiss, in part, where "Plaintiffs already have access to extensive discovery material as a result of the [agency] proceedings").

We therefore respectfully request a pre-motion conference in connection with Mr. Martino's proposed motion to stay discovery. Further, given the importance of the issues set forth herein, we respectfully request the opportunity to fully brief the proposed motion.

                                                Respectfully submitted,

                                                */s/ Adam Lurie*

                                                Adam Lurie

cc: All parties of record (via ECF)