

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

**VIA ECF**                                                              May 21, 2025

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:     SEC v. Silvergate Capital Corporation, et al., No. 24 Civ. 4987 (ALC) (S.D.N.Y.)

Dear Judge Carter:

Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to Defendant Antonio Martino's ("Martino") pre-motion letter (D.E. 49) (the "Letter") requesting a discovery stay until the Court decides Martino's pending motion to dismiss the SEC's Complaint (D.E. 45). The Court should deny Martino's motion, without further briefing, because Martino fails to establish the "good cause" required to stay discovery. First, Martino both exaggerates his discovery burden in this case and understates the prejudice to the SEC of staying discovery. Second, directly contrary to Martino's argument, the recent bankruptcy filing of Martino's former employer—Silvergate Capital Corporation ("SCC")—militates *against* a stay because any delay of discovery would only prejudice the parties' ability to obtain discovery from SCC. Finally, Martino's attacks on the merits of the SEC's Complaint—which raise fact-specific disputes regarding the merits of the SEC's claims—are precisely the type of arguments that courts in this District have found weigh against issuing a stay of discovery.

## I.    Additional Factual and Procedural Background.

Martino is the sole remaining Defendant in this case, which the SEC filed on July 1, 2024 (D.E. 1, 19, 20, 21). On January 14, 2025, Martino filed his motion to dismiss, which was fully briefed by March 31, 2025 (D.E. 45, 48). Promptly thereafter, the SEC asked Martino to meet for a Rule 26(f) conference so that the parties could plan for and commence discovery. Despite several additional meetings over the next six weeks, Martino refused to conduct a Rule 26(f) conference or agree to a reasonable discovery plan, and the parties have not yet commenced discovery.[1]

## II.    Martino Has Failed to Demonstrate Good Cause for a Discovery Stay.

In this District, discovery stays based upon a pending motion to dismiss are the exception, not the rule. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (cleaned up); *Integrated Sys. and Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (discovery stays are "by no means automatic") (citation omitted). The "burden of showing good cause for the issuance of a [stay] falls on the party seeking the order." *Republic of Turkey*, 316 F. Supp. 3d at 677. To determine if such good cause exists, courts consider "[1] the breadth of discovery sought [and] the burden of responding to it, [2] the prejudice that would result to the party opposing the stay, and

---

[1] Martino proposed to the SEC that, while his motion to dismiss is pending, the SEC alone (not Martino) provide discovery. The SEC declined this proposal.

[3] the strength of the pending motion forming the basis of the request for stay." *Id.* (internal quotations and citations omitted). Each of these factors weighs strongly against Martino's stay request.

A.    Discovery in this Case Is Not Burdensome

Martino mischaracterizes his discovery burden in this matter. He claims that discovery would be "extensive" due to the "broad scope of the SEC's allegations" (Letter at 2-3). Martino neglects to mention, however, that this matter (and the scope of discovery) has been significantly narrowed due to the SEC's settlements of its claims against the other three original defendants in this case. The SEC's remaining claims are solely against Martino; and they concern events that involved him personally and that took place over only a five-month period (Compl. ¶ 16). Where, as here, a case is thus limited in scope, a stay of discovery is inappropriate. *See Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. January 20, 2016) (in a case that "involves a single claim against a single defendant, related to an ongoing series of events in which Defendant was alleged to be personally and intimately involved … does not reach such a wide-breadth that good cause for a stay exists"). Indeed, courts in this District typically stay discovery only in cases involving exponentially greater discovery burdens. *See*, *e.g.*, *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (granting stay where discovery would involve 26 plaintiffs, six defendants, countless transactional documents, and events that transpired over the course of four years); *Heredia v. Americare, Inc.*, 2018 WL 11579756, at *2 (S.D.N.Y. May 1, 2018) (granting stay where discovery would involve 40 plaintiffs and a seven-year time period).

Martino further contends that proceeding with discovery will require him to engage in the "onerous and expensive task" of gathering information from several third parties (Letter at 2). Such circumstances, however—which exist in nearly every civil case—are insufficient to establish good cause. *See*, *e.g.*, *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("vague and conclusory contentions" regarding the size and burden of conducting discovery are insufficient to require a stay); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *3 (S.D.N.Y. Jan 15, 2020) (conclusory arguments insufficient to satisfy good cause standard). To the extent Martino is concerned with obtaining discovery from third parties referenced in the Complaint—such as the FHLB, the Bank's auditor, and major financial institutions (Letter at 2)—he will be entitled to request from the SEC during discovery the non-privileged portions of its investigative file. Thus, he may obtain facts collected by the SEC from these entities before the Complaint was brought.

B.    A Stay Would Unduly Prejudice the SEC

Directly contrary to Martino's arguments, the SEC would be prejudiced by a stay of discovery—due both to SCC's bankruptcy filing and the need to preserve witness testimony.

On September 17, 2024, SCC filed for Chapter 11 bankruptcy and appears headed towards liquidation. *See generally In re: Silvergate Capital Corp.*, Case No. 24-12158 (KBO) (Bankr. D. Del. 2024). Once SCC is liquidated, the SEC may face substantial hurdles in trying to obtain and locate relevant documents, communications, and personnel. Thus, in direct opposition to Martino's argument (Letter at 2), the SCC bankruptcy militates *against* granting a stay. The longer discovery is delayed, the greater the likelihood that the SEC will suffer unfair prejudice.

Furthermore, a stay would unduly prejudice the SEC's ability to preserve witness testimony for summary judgment and trial in this case. *See Kirschner*, 2020 WL 230183, at *3; *Mirra*, 2016 WL 889559, at *3 (recognizing that fading memories of witnesses risks unfair prejudice to party opposing stay). The SEC's anticipated witnesses in this case include individuals who either reported to Martino at Silvergate Bank or worked for third parties that audited, regulated, or advised the Bank. The SEC,

like any litigant, will be prejudiced by its inability to preserve as soon as possible such witness testimony. Martino counters that the SEC obtained some information during its pre-lawsuit investigation of this case, and that any stay "would be of limited duration." Letter at 3. Such unsupported assertions, however, cannot trump the potential prejudice that the SEC would face from unavailable evidence due to SCC's impending liquidation and witnesses' fading memories.

    C.   <u>Martino's Motion to Dismiss Is Not Likely to Succeed on the Merits</u>

    Finally, Martino fails to demonstrate that his motion to dismiss is supported by substantial arguments and is likely to succeed on the merits. *Kirschner*, 2020 WL 230183, at *2; *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73 (S.D.N.Y. 2013). Courts typically do not find that this factor supports a stay unless the motion to dismiss concerns a dispositive threshold issue—such as lack of subject matter jurisdiction or standing. *See, e.g., Hong Leong Finance Ltd. (Singapore)*, 297 F.R.D. at 73-74 (subject matter jurisdiction); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (lack of standing qualifies as "substantial grounds"). Where, as here, the disposition of a motion to dismiss requires a fact-specific, multi-factorial analysis—for which the parties cite competing case law—a stay is unwarranted. *See Mirra*, 2016 WL 889559, at *2. Indeed, in such circumstances, this factor weighs against the party seeking a stay. *Id.* (rejecting stay where underlying motion was "fact-specific and based on various factors, and in light of the parties' citations to case law in support of both arguments"). Martino's own Letter demonstrates that the resolution of his motion to dismiss will require analysis of numerous fact-specific issues. Martino asks the Court to determine *at this time* that he is likely to prevail on the grounds of "materiality, falsity and scienter." Letter at 2. As noted above, such mixed questions of fact and law, regarding the merits of the SEC's claims against Martino, are not properly resolved in the context of a motion to stay.

    In any event, as the SEC's opposition brief demonstrates (D.E. 47), Martino's motion to dismiss suffers from several patent defects. For example, Martino incorrectly argues that his alleged false statements in this case were "opinion[s]." *Id.* at 2. To the contrary, the Complaint alleges in detail Martino's numerous false statements of objective fact—made with scienter—regarding the Bank's financial condition. *Id.* at 10-16. Additionally, Martino's materiality argument is unlikely to succeed because materiality presents a mixed question of law and fact and, therefore, is rarely resolved at the motion to dismiss stage. *Id.* at 16-17. Finally, Martino's reliance on the "bespeaks caution" doctrine is misplaced because Martino's alleged false statements concern present facts and, thus, did not constitute forward-looking statements. *Id.* at 20-22.

    For the foregoing reasons, Martino cannot meet his burden to justify a stay of discovery. Accordingly, the SEC respectfully requests that the Court (1) deny Martino's request for a stay of discovery pending resolution of his motion to dismiss; and (2) schedule a Rule 16 pre-trial conference so that the parties can proceed to the discovery phase of this litigation.

                    Respectfully submitted,

                    */s/ Peter A. Mancuso*
                    Peter A. Mancuso
                    Hayden M. Brockett
                    Laura E. Meehan
                    Trial Counsel
                    *Counsel for Plaintiff SEC*