UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>  -against-<br><br>ANTONIO MARTINO<br><br>      Defendant. | 24 Civ. 04987 (ALC) (SDA) |

**STIPULATED SUPPLEMENTAL FED. R. EVID. 502 ORDER**

Upon stipulation of the parties pursuant to Section 9 of the Civil Case Management Plan (D.E. 62), the Court enters this stipulated supplemental Order under Fed. R. Evid. 502 to govern the inadvertent production or disclosure of certain documents by the parties during the course of this proceeding.

1. As used in this Order:

    a. The term "Action" means the above-captioned litigation.

    b. The terms "Party" and "Parties" mean one or more parties to the Action and their counsel.

    c. The terms "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "document" in Local Civil Rule 26.3(c)(2).

    d. The term "Privileged Material" means any Document believed by the disclosing or producing Party to be covered by the attorney-client privilege, the work product doctrine, deliberative process privilege, or other legal protection, or any Document believed by the disclosing or producing Party to be considered as protected trial preparation material under Fed. R. Civ. P. 26(f)(3)(D), Fed. R. Evid. 502, or otherwise.

  e. The term "Sensitive Material" means any Document containing any one or more of the following categories of information: (i) a social security or tax identification number; (ii) the birth date of any individual person; (iii) the name of any individual person who, at the time of the filing of the Complaint in the Action, was known to be less than 18 years old; (iv) individual persons' or entities' financial account numbers; and (v) the home address of an individual person.

  f. The term "Confidential Material" means any Document believed by the disclosing or producing Party to contain any one or more of the following categories of personal, private, or proprietary information that the disclosing or producing Party has maintained as confidential and that is not otherwise lawfully available to the general public or already available in the public domain: (i) a personal identifying number of an individual person other than that already constituting Sensitive Information; (ii) an individual person's medical records, including information regarding treatment and diagnosis; (iii) an individual person's employment history; (iv) an individual person's financial information other than that already constituting Sensitive Information; (v) proprietary or trade secret information; (vi) information regarding an individual person's cooperation with the government; (vii) information that, if disclosed, would invade an individual's personal privacy; (viii) and information otherwise protected from public disclosure by federal or state law, including but not limited to, confidential supervisory information (also known as "CSI") belonging to the Board of Governors of the Federal Reserve System (the "FRB") pursuant to 12 C.F.R. § 261.2(b)(1) or the California Department of Financial Protection and Innovation (the "DFPI") pursuant to the Cal. Fin. Code § 159.

  g. The term "Discovery Material" means any Document or other information of any kind produced or disclosed pursuant to and during the course of discovery in the Action.

 2. If any Privileged Material, Sensitive Material, or Confidential Material is inadvertently produced or disclosed, whether as Discovery Material or otherwise, during the course of the Action,

the disclosing or producing Party shall be entitled to the return of such material if the disclosing or producing Party: (a) notifies the receiving Party of the inadvertent production or disclosure within 14 days of discovery of such production or disclosure and requests the return of such material; and (b) provides a privilege log to the receiving Party with respect to Privileged Material. If the return of the material is not practicable, either because the material is electronically stored information ("ESI") or for another legitimate reason, then the receiving Party shall instead sequester the material and any copies thereof, and shall inform the disclosing or producing Party in writing when the material and all copies thereof have been sequestered.

      3.      In the event of any dispute about whether the disclosing or producing Party may claim an inadvertently produced or disclosed Document constitutes Privileged Material, Sensitive Material, or Confidential Material or whether the classification thereof should be deemed waived, including whether notice of the claim was timely made, whether the claim is warranted, or whether such Document may be used for any purpose in the Action, the Parties shall meet and confer as soon as practicable, and, if they are unable to agree, shall present such dispute to the Court by letter motion under Rule II.B of the Court's Individual Rules. Until the dispute is resolved by the Court, the receiving Party (i) must preserve the material; (ii) may not use the material or disclose it to any third party; and (iii) if disclosure to any third party already has been made by the time the disclosing or producing Party notifies the receiving Party of the inadvertent production or disclosure, then the receiving Party must take immediate steps to retrieve the material from the third party, or if retrieval is not practicable, either because the material is ESI or for another legitimate reason, then the receiving Party shall instead use best reasonable efforts to ensure the third party sequesters the material and any copies thereof, and the receiving Party shall inform the disclosing or producing Party in writing when the material and all copies thereof have been sequestered by the relevant third party; and (iv) if the Court determines a privilege or other protection applies, then the receiving Party and/or any third

party to whom the material was disclosed must return the material to the disclosing or producing Party in a time period that is reasonable under the circumstances, or if the return of the material is not practicable, either because the material is ESI or for another legitimate reason, then the receiving Party and any such third party shall instead continue to sequester the material and any copies thereof, and the receiving Party shall inform the producing Party in writing that the material and all copies thereof continue to be sequestered.

4. The provisions of this Order with respect to Privileged Material also extend to the receiving Party. In the event the receiving Party discovers such material without prior notification from the disclosing or producing Party as described above, the receiving Party must notify the disclosing or producing Party as soon as reasonably practicable under the circumstances that the Receiving Party is in possession of the material.

5. The Parties are bound by the provisions herein pending entry of this Order by the Court and further agree that any violation of these provisions before this Order is entered shall be subject to the same sanctions and penalties as if this Order had already been entered.

Dated: January 14, 2026

**STIPULATED BY:**

/s/ *Peter A. Mancuso*
Peter A. Mancuso
Trial Counsel
*Counsel for Plaintiff SEC*

/s/ *Patrick Ashby*
Patrick Ashby
Linklaters LLP
1290 Ave of the Americas
New York, NY 10104
*Counsel for Defendant Martino*

**SO ORDERED:**

_____
HON. STEWART D. AARON
United States Magistrate Judge