# Linklaters

Linklaters LLP
601 Thirteenth Street N.W.
Suite 400 South
Washington, D.C. 20005
Telephone (+1) 202 654 9200
Facsimile (+1) 202 654 9210

**VIA ECF**                                                                                               March 10, 2026

Honorable Stewart D. Aaron
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1970
New York, New York 10007

*Re: SEC v. Silvergate Capital Corporation, et al., No. 24 Civ. 4987 (ALC) (S.D.N.Y.), Defendant Antonio Martino's Letter Motion to Compel Documents Responsive to His Request for Production No. 3*

Dear Judge Aaron:

We write pursuant to Section II.B of Your Honor's Individual Practices to compel the SEC to produce documents responsive to Defendant Antonio Martino's Request for Production No. 3 ("RFP 3").[1] The Court should compel production for three reasons: (1) the SEC's public statements acknowledging the complexity and judgment inherent in other-than-temporary impairment ("OTTI") accounting are directly relevant to scienter, falsity, and materiality; (2) such statements are relevant to impeach the SEC's credibility; and (3) the SEC's arguments against production otherwise lack merit.

## I.      Background

The SEC alleges that Mr. Martino made false statements about OTTI assessments during the Bank's 2022-2023 liquidity crisis. *See* ECF No. 1 ¶¶ 175–331. To prove that the OTTI's value was false, the SEC must show that Mr. Martino did not "sincerely believe" it to be accurate, ECF No. 45 at 13, because "[a] statement regarding the value of an OTTI is an opinion." ECF No. 58 at 13.[2] To prove materiality, the SEC must show that the statements altered the "total mix of information" sufficient to affect a reasonable investor's decision to buy or sell securities. *Id*. at 19 (internal quotes omitted). Finally, to prove scienter, the SEC must establish, at minimum, that Mr.

---

[1] Pursuant to Section II.B, undersigned counsel certifies that the parties met and conferred in good faith on three occasions: (1) February 5, 2026, 2:30–3 PM (E. Raulston, P. Ashby, M. Blinder-Acenal for the defense; P. Mancuso, H. Brockett for the SEC); (2) February 12, 2026, 11:30AM–12 PM (E. Raulston, P. Ashby, N. Sayers for the defense; P. Mancuso, H. Brockett for the SEC); and (3) February 27, 2026, 10–11 AM (E. Raulston, P. Ashby, M. Blinder-Acenal for the defense; P. Mancuso, H. Brockett for the SEC). During the February 27 conference, counsel informed the SEC that the parties were at an impasse and that Defendant would request a conference with the Court.

[2] While an opinion may also be actionable if (i) it "contains embedded statements of fact that are untrue" or (ii) "the statement omits information whose omission conveys false facts about the speaker's basis for holding that view and makes the opinion statement misleading to a reasonable investor," ECF No. 58 at 14 (internal quotes omitted), the SEC will be able to prove neither.

Martino acted recklessly—*i.e.*, that his OTTI judgments were "an extreme departure from the standards of ordinary care." *In re Carter-Wallace, Inc. Sec. Litig.*, 220 F.3d 36, 39 (2d Cir. 2000); *see also* ECF No. 45 at 23 n.57.[3]

Accordingly, RFP 3 seeks information about SEC public statements that OTTI is "complex," requires "significant judgments," and presents "difficulties" during economic crises. *See* Ex. A at 12 (internal quotes omitted). The SEC contends these statements are irrelevant because they (1) predate a change to OTTI standards and (2) address only OTTI *value*, not Mr. Martino's alleged misrepresentation of the *process*. Accordingly, it has refused to produce documents responsive to RFP 3.

## II. The Requested Documents Are Relevant

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1). Moreover, for discovery, the relevancy standard "is a very liberal one, *i.e.*, whether there is *any possibility* that the information sought may be relevant to the subject matter of the action." *W. Union Tel. Co. v. MCI Commc'ns Corp.*, No. 85 CIV. 5800 (CBM), 1986 WL 2769, at *2 (S.D.N.Y. Feb. 26, 1986) (internal quotes omitted). Applying these principles, documents responsive to RFP 3 should be produced.

### A. The SEC's Public Statements Are Relevant to Scienter, Falsity, and Materiality

The SEC's public statements are relevant to whether Mr. Martino's conduct was "an extreme departure from the standards of ordinary care"—the objective component of the scienter inquiry. *In re Carter-Wallace,* 220 F.3d at 39. The SEC has publicly acknowledged that OTTI is "complex," requires "significant judgments," and presents "difficulties" during economic crises. *See* Ex. A at 12 (internal quotes omitted). These and similar acknowledgments are relevant to establishing the applicable standard of care for OTTI judgments—regardless of whether Mr. Martino was aware of those acknowledgments. *See SEC v. Kovzan*, No. 11-2017-JWL, 2012 WL 4819011, at *4 (D. Kan. Oct. 10, 2012) (industry standards relevant to scienter even if unknown to defendant, as recklessness requires an "extreme departure" from ordinary care).[4]

Crucially, Mr. Martino made his OTTI judgments during an unprecedented "run on the [b]ank" triggered by FTX's collapse—the type of financial crisis the SEC's statements expressly encompass. *See* ECF No. 1 ¶¶ 163–74; *see* Ex. A at 12. The Complaint's own allegations demonstrate the severity of the crisis: deposits dropped from $12 billion to $3.9 billion, and the Bank incurred over $750 million in securities sales losses in the fourth quarter of 2022. *See* ECF No. 1 ¶¶ 164, 171. The SEC's acknowledgments that OTTI is difficult to evaluate during crises

---

[3] However, Mr. Martino maintains that because his statements are opinions (and the SEC will not be able to prove false embedded statements of fact or relevant omissions), "the SEC must establish actual disbelief in the opinion given"—not mere recklessness. ECF No. 45 at 14.

[4] Courts have squarely rejected the view that "information may be relevant to scienter only if known to the public or to defendant." *Kovzan*, 2012 WL 4819011, at *4; *see United States v. Berkeley Heartlab, Inc.*, No. 9:11-CV-1593-RMG, 2017 WL 3608241, at *1 (D.S.C. Aug. 22, 2017) (documents are relevant to scienter "even if defendants were not aware of the content of the Government's internal communications"); *SEC v. Lent*, No. C-04-4088 CW (EMC), 2006 WL 8434734, at *4 (N.D. Cal. Jan. 12, 2006) (internal agency documents relevant to corroborate defense that agency officials gave assurances, bearing on scienter).

are thus relevant to whether Mr. Martino's conduct was reckless—*i.e.*, an extreme departure from the standards of care.

The SEC's statements are equally relevant to falsity and materiality. As to falsity, GAAP "tolerate[s] a range of reasonable treatments, leaving the choice among alternatives to management." *In re Fannie Mae 2008 Sec. Litig.*, 742 F. Supp. 2d 382, 408 (S.D.N.Y. 2010) (internal quotes omitted). The SEC's acknowledgments support the notion that the OTTI judgments here reflected good faith predictions made during a financial crisis, and were within GAAP's permissible range. As to materiality, the SEC's own statement that OTTI is difficult to evaluate during a crisis undermines any claim that reasonable investors would have relied on the Bank's OTTI predictions during this well-publicized period of extreme volatility.

### B. The SEC's Public Statements Are Relevant to Impeaching Its Credibility

The SEC's public statements are also relevant to impeaching its credibility. In *SEC v. Goldstone*, another OTTI case involving a "financial crisis," the court allowed discovery of the SEC's statements admitting the challenge of predicting market downturns, holding defendants could "undermine the credibility of the SEC's assertions." No. CIV 12-0257 JB/LFG, 2014 WL 4349507, at *40 (D.N.M. Aug. 23, 2014). The court noted: "[i]f the SEC could not predict the downturn, the Defendants may argue that the SEC should not criticize the Defendants for not foreseeing certain things." *Id*. The same logic applies here: an SEC admission that OTTI assessments are complex and difficult to assess during crises undermines the SEC's credibility in criticizing Mr. Martino's reasonable crisis-era OTTI judgments.

### III. The SEC's Arguments Provide No Legally Sufficient Basis to Refuse Discovery

The SEC argues that the statements sought by RFP 3 are irrelevant because they predate a 2009 change to the OTTI recognition standard—from "intend and have the ability to hold" a security to being "more likely than not" required to sell the security. However, commentators have recognized that this change provided management "extra discretion," not less, resulting in even greater reliance on judgment. Revisions to Impairment Guidance Give Banks Flexibility in Declaring Credit Losses, WGL-ACCTALERT VOL 3 NO 67. For this reason, the 2009 change does not impact the relevance of the SEC's prior statements regarding OTTI. Further, both standards require challenging judgment calls. Thus, the SEC's statements are relevant as discussed above, and any objection goes to the weight of evidence, not relevance. The SEC also contends that its statements are irrelevant because they relate to OTTI *value*, while the Complaint purportedly alleges that Mr. Martino misrepresented the OTTI *process*. This is semantics, as OTTI process and value are inextricably intertwined; besides, the Complaint alleges that the "amount of OTTI" itself "was false." ECF No. 1 ¶ 265.

Respectfully submitted,

*/s/ Adam Lurie*

Adam Lurie

cc: All parties of record (via ECF)