# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>                          Plaintiff,<br><br>      -against-<br><br>ANTONIO MARTINO<br><br>                          Defendant. | 24 Civ. 04987 (ALC) (SDA) |

**PLAINTIFF'S FIRST AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the U.S. District Court for the Southern District of New York ("Local Civil Rules"), Plaintiff Securities and Exchange Commission (the "Commission," "SEC," or "Plaintiff") hereby amends its responses to Defendant Antonio Martino's ("Defendant" or "Martino") First Request for Production of Documents ("Requests"). The Commission's amended responses and objections to the Requests are made to the best of its present knowledge, information, and belief. These responses and objections are made without prejudice to the Commission's right to revise or supplement its responses and objections as appropriate and to rely upon and produce or object to evidence, witnesses, facts, writings, or documents that are identified either herein or in any later supplements or amendments. By responding and objecting below, the Commission does not intend to—and does not—waive any applicable privilege, protection, or right that may prevent the disclosure of any such information.

## **DEFINITIONS USED IN THE RESPONSES AND OBJECTIONS**

1.      The "Martino Investigation" means the Commission's Division of Enforcement staff's investigation of Defendant, conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658.

2.      The "Action" means the instant, above-captioned Commission civil enforcement action.

3.      The "Commission's Initial Disclosures" means the Commission's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A), served on Defendant in the Action on December 5, 2025.

4.      The "Martino Investigative File" means those non-privileged documents obtained by the Commission's Division of Enforcement staff in the Martino Investigation.

5.      "Non-privileged" means not protected by any privilege or protection, including, without limitation, the attorney-client privilege, the work product doctrine, the deliberative process privilege, privileges and protections pursuant to Section 24(f) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78x, the common interest privilege and the law enforcement privilege.

6.      "Requests" means Defendant Antonio Martino's First Set of Request for Production of Documents dated December 26, 2025.

## **OBJECTIONS TO DEFINITIONS**

The Commission asserts the following objections to Defendant's Definitions and incorporates such objections into each of the Specific Responses and Objections below.

1.      The Commission objects to Defendant's Definition No. 3 ("Communication(s)") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "communication" set forth in Local Civil Rule 26.3(c)(1). The Commission will produce only those communications contemplated and encompassed by the defined term "communication" set forth in Local Civil Rule 26.3(c)(1). The Commission further objects to Defendant's Definition No. 3 to the

extent it seeks documents that are privileged and protected by the attorney-client and deliberative process privileges, and the work product doctrine.

2.      The Commission objects to Defendant's Definition No. 4 ("Plaintiff," "SEC," "you," or "your") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "plaintiff" set forth in Local Civil Rule 26.3(c)(5), and to the extent that it purports to include within the scope of any Request Commission divisions and persons (including the SEC Chair and Commissioners) who did not conduct the Martino Investigation or this Action. To the extent that any Request seeks documents obtained or created by Commission divisions, offices, or employees of the Commission other than those who conducted the Martino Investigation, the Commission objects to any such Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this Action, and because it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission will produce only those non-privileged responsive documents within the possession, custody, or control of Division of Enforcement employees who conducted the Martino Investigation.

3.      The Commission objects to Defendant's Definition No. 5 ("concerning") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "concerning" set forth in Local Civil Rule 26.3(c)(7). In responding and objecting to the Requests, the Commission will apply the definition of the term "concerning" set forth in Local Civil Rule 26.3(c)(7), and no other such definition.

4.      The Commission objects to Defendant's Definition No. 6 ("Document(s)") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "document" set forth in Local Civil Rule 26.3(c)(2). The Commission will produce only those documents contemplated and encompassed by the defined term "document" set forth in Local Civil Rule 26.3(c)(2).

5.      The Commission objects to Defendant's Definition No. 7 ("Electronically Stored Information" or "ESI") to the extent it seeks documents that are privileged and protected by the attorney-client and deliberative process privileges, and the work product doctrine.

6.      The Commission objects to Defendant's Definition No. 14 ("Investigation") to the extent it means the "investigation(s) of individuals and entities" outside of the investigation of Defendant, conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658 (*see* defined term, "Martino Investigation" above), because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. Accordingly, and unless expressly stated otherwise, the Commission will search for and produce responsive documents only to the extent they are part of the Martino Investigative File (*i.e.,* they were produced to the Commission's Division of Enforcement staff by third parties, constitute non-privileged communications between Division of Enforcement staff and third parties, or were gathered by Division of Enforcement staff from publicly available sources, in connection with the Martino Investigation), and they are non-privileged.

7.      The Commission objects to Defendant's Definition No. 15 ("Person") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "person" set forth in Local Civil Rule 26.3(c)(6). In responding and objecting to the Requests, the Commission will apply the definition of "person" set forth in Local Civil Rule 26.3(c)(6), and no other such definition.

## **OBJECTIONS TO INSTRUCTIONS**

The Commission asserts the following objections to Defendant's Instructions and incorporates such objections into each of the Specific Responses and Objections below.

1.      The Commission objects to Defendant's Instruction No. 2 (specifically, "drafts of the Document") to the extent it seeks documents that are privileged and protected by the attorney-client and deliberative process privileges, and the work product doctrine.

2.      The Commission objects to Defendant's Instruction No. 6, to the extent it seeks to

4

impose on the Commission a burden that is greater than that contemplated by or reflected in Local Civil Rule 26.2(c). The Commission further objects to this instruction because the Requests seek potentially tens of thousands of internal e-mails and other privileged and/or protected documents. Therefore, it would be especially burdensome and not proportional to the needs of the case to require the Commission to prepare a privilege log that identifies each such privileged document. Pursuant to Local Civil Rule 26.2(c), the Commission will provide a privilege log that identifies by category the documents and information being withheld.

3. The Commission objects to Defendant's Instruction No. 17 (specifically, "SEC Communications and Documents [and] all Communications with third parties") to the extent it seeks documents that are privileged and protected by the attorney-client, deliberative process, and common interest privileges, Section 24(f) of the Exchange Act [15 U.S.C. § 78x(f)(1)], and the work product doctrine.

## SPECIFIC RESPONSES AND OBJECTIONS

The Commission adopts and incorporates by reference the foregoing Objections to Definitions and Instructions in response to each numbered request below. Upon request by Defendants, the Commission is willing to meet and confer regarding its responses and objections to Defendant's Requests.

## REQUEST NO. 1

Your complete file in connection with the Investigation and/or Action[1], and all other Documents and Communications related to the Investigation and/or Action, including but not limited to the following:

    a. All subpoenas, demands, voluntary production requests, and other similar or related requests to provide Documents, materials, information, testimony, or an interview, including Documents concerning the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom you gathered or sought to

---

[1] For the avoidance of doubt, the SEC is already obligated to produce these materials on January 21, 2026, pursuant to the initial production requirements of the operative Case Management Plan (ECF 61), and this Request is issued without prejudice to those obligations.

5

gather information in connection with the Investigation and/or Action;

b. All Documents received in response to any such requests, or otherwise obtained by you from third parties or third-party sources;

c. All transcripts, notes, recordings, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes, memoranda, witness statements or similar materials developed or obtained in connection with the Investigation and/or Action;

d. All Documents memorializing, evidencing, or concerning any Communications you had with any Government Entity, Self-Regulatory Organization, Accounting Authority, Government-Sponsored Enterprise, any Federal Reserve Bank, and/or any other third party relating to the Investigation and/or Action, including but not limited to any written or oral submissions or presentations made to or by third parties;

e. All Documents and Communications concerning any cooperation agreement(s) between you and any Person or entity from whom you gathered or sought to gather information in connection with the Investigation and/or Action;

f. All analyses (including but not limited to any regression and correlation, or event study analysis), whether done by you or on your behalf relating to Silvergate, the Investigation, and/or the Action;

g. Your Contact List and Document Index for the Investigation, as contemplated in Section 3.2.9.4 of the SEC Enforcement Manual.

h. The Action Memorandum, as contemplated in Section 2.5.1 of the SEC Enforcement Manual, as well as any other non-privileged Documents and Communications exchanged between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff, concerning the bases for initiating the Investigation and the Action.

i. All potentially exculpatory information.

**Plaintiff's Response to Request No. 1:** The Commission objects to Request No. 1 to the extent it seeks documents that are privileged and protected by the attorney-client, deliberative process, and common interest privileges, the work product doctrine, and Section 24(f) of the Exchange Act [15 U.S.C. § 78x(f)(1)]. The Commission further objects to Request No. 1 because it seeks documents

6

beyond the scope of the Martino Investigative File[2], which are irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, the Commission states it has produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658, both of which include non-privileged documents responsive to this request.

With respect to subpart (a) of Request No. 1, the Commission states it has produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658, both of which include non-privileged documents responsive to this request.

With respect to subpart (b) of Request No. 1, the Commission states it has produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658, both of which include non-privileged documents responsive to this request.

With respect to subpart (c) of Request No. 1, the Commission objects to Defendant's request for "notes," "witness interview notes," and "memoranda" on grounds that such materials are

---

[2] On January 21, 2026, pursuant to Section 4 of the Court's December 17, 2025 Case Management Plan (D.E. 62), the Commission produced to Defendant all non-privileged portions of the Martino Investigative File. This production did not include documents obtained, or communications created or received, in connection with the Commission's investigation of other individuals and entities charged in the Complaint, namely, Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation, who are no longer parties to this Action (*see* D.E. 19, 20, 21).

7

protected by the work product doctrine. The Commission further responds to Defendant's request for "verbatim notes" by stating that it does not have any such documents within its possession, custody or control. With respect to the remainder of subpart (c) of this request, the Commission states it has produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658, both of which include non-privileged documents responsive to this request.

With respect to subpart (d) of Request No. 1, the Commission objects to Defendant's request for communications with any "Government Entity," "Self-Regulatory Organization," and any "Federal Reserve Bank" as that request seeks documents that are privileged and protected pursuant the attorney-client, deliberative process, and common interest privileges, the work product doctrine, and Section 24(f) of the Exchange Act [15 U.S.C. § 78x(f)(1)]. The Commission will not produce any privileged communications between Commission staff and any Government Entity, including the U.S. Department of Justice ("DOJ"), the Board of Governors of the Federal Reserve System ("FRB"), the Federal Deposit Insurance Corporation ("FDIC"), or the California Department of Financial Protection and Innovation ("CA DFPI"). The Commission states, however, that it will produce any non-privileged responsive documents produced by the DOJ, FRB, FDIC, and CA DFPI to Division of Enforcement staff in connection with the Martino Investigation and the investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation. Accordingly, with respect to subpart (e) of this request, the Commission states it has produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File

8

No. NY-10658, both of which include non-privileged documents responsive to this request.

With respect to subpart (e) of Request No. 1, the Commission objects to Defendant's request for "Communications" to the extent the Request seeks internal SEC communications that are protected by the work product doctrine. Subject to and without waiving the foregoing objection, the Commission responds by stating that it does not have any such documents or communications in its possession, custody, or control.

With respect to subpart (f) of Request No. 1, the Commission objects to Defendant's request for "analyses … done by you" on grounds that such documents are protected by the attorney-client and deliberative process privileges, and the work product doctrine. The Commission further objects to this Request as premature and contrary to the requirements of Fed. R. Civ. P. 26. The Commission will make appropriate expert disclosures and productions as required by the Federal Rules and pursuant to the Court's December 17, 2025 Case Management Plan (D.E. 62). Subject to and without waiving the foregoing objection, the Commission responds by stating that it does not have any regression and correlation analyses in its possession, custody, or control.

With respect to subpart (g) of Request No. 1, the Commission objects to Defendant's request for the Commission's "Contact List and Document Index for the Investigation, as contemplated in Section 3.2.9.4 of the SEC Enforcement Manual" on grounds that such documents are protected by the attorney-client privilege and the work product doctrine. The Commission states that the Commission's Initial Disclosures identifies the contact information, if known, for any individuals likely to have discoverable information that the Commission may use to support its claims against Defendant, and the Commission states it has produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File

9

No. NY-10658, both of which include non-privileged documents responsive to this request.

With respect to subpart (h) of Request No. 1, the Commission objects to Defendant's request for the "Action Memorandum, as contemplated in Section 2.5.1 of the SEC Enforcement Manual, as well as any other … Communications exchanged between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff, concerning the bases for initiating the Investigation and the Action" on grounds that such documents are protected by the attorney-client and deliberative process privileges, and the work product doctrine. With respect to the remainder of subpart (h) of this request, the Commission states it has produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658, both of which include non-privileged documents responsive to this request.

Lastly, with respect to subpart (f) of Request No. 1 the Commission objects to Defendant's request for "[a]ll potentially exculpatory information" on the ground that the Commission does not have an affirmative obligation to search for and provide *Brady* materials in a civil enforcement action. *CFTC v. Gorman*, 21-CV-870 (JGLC), 2025 WL 1934424, at *1 (S.D.N.Y. July 15, 2025); *SEC v. Pentagon Cap. Mgmt. PLC*, 08-CV-3324 (RWS), 2010 WL 4608681, at *1 (S.D.N.Y. November 12, 2010). Subject to and without waiving the foregoing objection, the Commission states it has produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658, both of which include non-privileged documents responsive to this request.

With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents.

**REQUEST NO. 2**

Without limitation as to the applicable time period, all Documents and Communications that you intend to use or otherwise rely upon, or have already used or relied upon, for any purpose in this Action, including without limitation: (i) all Documents and Communications identified, quoted, or referenced in the Complaint and (ii) all Documents and Communications that were created, reviewed, considered, or relied upon by you in preparing the Complaint, including, without limitation, any computations or analyses prepared by you underlying any assertions in the Complaint.

**Plaintiff's Response to Request No. 2:** The Commission objects to Request No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission also specifically objects to the extent any "Documents and Communications identified, quoted, or refenced in the Complaint" are public and thus available to Defendant.

The Commission further objects to Request No. 2, to the extent it seeks documents protected by the attorney-client, deliberative process, common interest privileges, the work product doctrine, and Section 24(f) of the Exchange Act [15 U.S.C. § 78x(f)(1)]. The Commission specifically objects to Defendant's request for "all Documents and Communications that were created, reviewed, considered, or relied upon by you in preparing the Complaint, including, without limitation, any computations or analyses prepared by you underlying any assertions in the Complaint" on grounds that such documents are protected by the attorney-client, common interest, and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act [15 U.S.C. § 78x(f)(1)].

The Commission also objects to this Request as premature and contrary to the requirements of Fed. R. Civ. P. 26. The Commission will make appropriate expert disclosures and productions as required by the Federal Rules and pursuant to the Court's December 17, 2025 Case Management Plan (D.E. 62).

Subject to and without waiving the foregoing objections, the Commission states it has

produced the Martino Investigative File on January 21, 2026 and, pursuant to this Request, will produce all non-privileged documents obtained, and communications created or received, during the Commission's investigation of Alan Lane, Kathleen Fraher, and Silvergate Capital Corporation conducted under *In the Matter of Silvergate Capital Corp.,* File No. NY-10658, both of which include non-privileged documents responsive to this request.

With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents.

### **REQUEST NO. 3**

Without limitation as to the applicable time period, all Documents and Communications (including drafts) related to the following statements:

   a. "Impairment accounting can be complex . . . Judgment is required in assessing whether an OTTI exists . . . The current global economic crisis has highlighted difficulties in performing OTTI evaluations." SEC, Report and Recommendations Pursuant to Section 133 of the Emergency Economic Stabilization Act of 2008: Study on Mark-To-Market Accounting, FRASER 25, 30 (Dec. 30, 2008).

   b. "[B]right line or rule of thumb tests are not appropriate for evaluating other than temporary impairments." SEC Staff Updates Guidance On Accounting and Disclosure Issues, Sec. Exch. Comm'n. Today, 7992179 (Mar. 4, 2005).

   c. "The result of disorderly transactions is not determinative when measuring fair value. Distressed or forced liquidations sales are not orderly transactions, and thus the fact that a transaction is distressed or forced should be considered when weighing available evidence . . . fair value measurement and the assessment of impairment may require significant judgments." SEC and FASB Issue Guidance on Fair Value Measurements, 2008 WL 11261656, at *1-2.

**Plaintiff's Response to Request No. 3:** The Commission objects to Request No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission also specifically objects to the extent that documents related to the above SEC staff reports and statements are all public and thus available to Defendant.

The Commission further objects to Request No. 3, to the extent it seeks documents protected by the attorney-client, common interest, and deliberative process privileges, the work

12

product doctrine, and Section 24(f) of the Exchange Act [15 U.S.C. § 78x(f)(1)]. The Commission specifically objects because internal Commission communications and "drafts" constitute documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

      Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

Dated: February 17, 2026  
New York, New York

                                                  */s/ Peter A. Mancuso*  
                                                  Peter A. Mancuso  
                                                  Hayden M. Brockett  
                                                  Laura E. Meehan  
                                                  SECURITIES AND EXCHANGE COMMISSION  
                                                  New York Regional Office  
                                                  100 Pearl Street, Suite 20-100  
                                                  New York, New York 10004

                                                  *Counsel for Plaintiff*  
                                                  *Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

I certify that on February 17, 2026, I caused the foregoing Plaintiff's First Amended Responses and Objections to Defendant's First Request for Production of Documents, to be served by electronic mail on Defendant's counsel at the following addresses:

Adam Lurie, adam.lurie@linklaters.com

Patrick Ashby, patrick.ashby@linklaters.com

Max Blinder-Acenal, max.blinderacenal@linklaters.com

Elizabeth Raulston, elizabeth.raulston@linklaters.com

*/s/ Peter A. Mancuso*
Peter A. Mancuso

*Counsel for Plaintiff*
