UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

**VIA ECF**                                                                 March 16, 2026

The Honorable Stewart D. Aaron
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: SEC v. Martino, No. 24 Civ. 4987 (ALC) (SDA) (S.D.N.Y.)

Dear Judge Aaron:

Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to Defendant Antonio Martino's ("Martino") motion for a discovery conference (D.E. 72), which seeks to compel the production of internal SEC documents and SEC communications related to three public statements (the "Public Statements")—made by SEC staff approximately two decades ago—about accounting guidance no longer in effect in 2022 at the time of Martino's conduct. (Ex. A, Martino's Document Request No. 3 or "RFP No. 3"). The Court should deny Martino's motion because any such internal SEC documents and SEC communications cannot possibly have relevance to this action, as the Public Statements (Ex. B, C, D) concerned accounting guidance that was repealed over 13 years before Martino's conduct. As Martino acknowledges (D.E. 72 at 3), in April 2009, both the Financial Accounting Standards Board (the "FASB")[1] and the SEC staff repealed the guidance to which the Public Statements relate because the FASB issued a new accounting standard. Martino does not dispute that the FASB's revised standard applies to his conduct in this case. (Id.).

Martino's sole rejoinder is his unfounded claim that the 2009 revised FASB standard did not significantly change prior accounting guidance. (Id.). As explained below, any such assertion is demonstrably false. The 2009 FASB revision was expressly intended to address, and did address, the very concerns that the SEC raised in the 2005 and 2008 Public Statements on which Martino now seeks discovery—rendering those prior SEC staff statements moot and thus irrelevant to this case. For this reason—and because locating and sorting through documents and communications concerning irrelevant statements SEC staff made between 18 and 21 years ago, would be unduly burdensome—RFP No. 3 seeks discovery that is neither relevant to any claim or defense in this case, nor otherwise proportional to the needs of this case.

## I.    Background: GAAP for OTTI Pre-April 2009 and Post-April 2009

The SEC charges Martino with fraudulently disregarding the required GAAP methodology for determining other-than-temporary-impairment ("OTTI"), thus rendering false Silvergate Bank's expected securities sales, OTTI, and Tier 1 Leverage Ratio that Martino publicly reported for the 2022 fiscal year. (D.E. 1 ¶¶ 217, 233-236, 252-96; D.E. 58 at 11-14). The Public Statements that Martino quotes in RFP No. 3 concern pre-2009 SEC staff and FASB guidance regarding OTTI. (Ex. E ¶¶ 22-29). In April 2009, however, that guidance—as well as the Public Statements concerning that guidance—became moot when the FASB amended GAAP to update the standard for determining OTTI (the "2009 Amendment"). (Id. ¶ 27). Consequently, the SEC staff and the FASB repealed their earlier guidance, which was no longer applicable given the new GAAP standard. (Id. ¶ 29). As Martino

---

[1] Established in 1973, the FASB "is the independent, private-sector, not-for-profit organization … that establishes financial accounting and reporting standards for public and private companies … that follow Generally Accepted Accounting Principles (GAAP)." *See* https://www.fasb.org/about-us/about-the-fasb.

The Hon. Stewart D. Aaron                                                      March 16, 2026
Page **2** of **4**

acknowledges in his motion (D.E. 72 at 1, 3), and as further explained below, this amended GAAP standard—not the pre-2009 guidance that was the subject of the Public Statements—is the methodology that Martino was tasked with applying over a decade later, in 2022. (Ex. E ¶¶ 27, 37).

GAAP requires entities to record unrealized losses (impairments) to their debt securities on their income statement if those impairments are determined to be "other than temporary." (*Id.* ¶¶ 13, 17). At the time of the Public Statements (2005-2008), GAAP did not provide specific guidance on how to determine when an OTTI had occurred. (*Id.* ¶¶ 17-18). Instead, at that time, the FASB referred the industry to SEC staff guidance concerning when to recognize OTTI, which consisted only of a few examples of non-exhaustive factors to be considered. (*Id.* ¶¶ 19-21). The Public Statements that Martino quotes in RFP No. 3 concern that pre-2009 multi-factor guidance. (*Id.* ¶¶ 22-26).

As the concerns discussed in Public Statements reflect, the pre-2009 multi-factorial OTTI guidance was vague and imprecise (*Id.* ¶¶ 18, 20-26, 37). For example, the Public Statements described the SEC staff's pre-2009 OTTI guidance as "complex," requiring "significant judgments," presenting "difficulties," and "not appropriate" for "[b]right line or rule of thumb tests." (Ex. A at 12). Indeed, one of the Public Statements recommended that the FASB change the standard for evaluating OTTI to one that was "sufficiently operational." (Ex. E ¶ 26; Ex. B at 205).

On April 9, 2009, consistent with the SEC staff's recommendation, the FASB issued the 2009 Amendment—*i.e.*, a new GAAP standard for OTTI recognition, which replaced the pre-2009 guidance and provided "a more uniform system of impairment testing standard for financial instruments." (*Id.* ¶¶ 27, 31). The 2009 Amendment, which applies to Martino's conduct in this case, states that, when a debt security is in an unrealized loss position, it is "more operational" for an entity to simply assess whether it "(a) has the intent to sell the debt security or (b) more likely than not will be required to sell the debt security before its anticipated recovery." (*Id.* ¶ 28). Critically, the 2009 Amendment was not the subject of the Public Statements. (*Id.* ¶¶ 30-37). For good reason—the 2009 Amendment proved to be a substantial change that resolved industry difficulties with OTTI accounting. (*Id.* ¶¶ 31, 34-37). For example, in June 2016, the FASB reported that the 2009 Amendment "is well understood by investors and is applied consistently by preparers." (*Id.* ¶ 36).

## II.    The SEC Public Statements Are Irrelevant to This Case

A party seeking discovery "bears the burden of demonstrating" that the discovery is "relevant to a party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1); *Radio Music License Comm., Inc. v. Broadcast Music, Inc.*, 347 F.R.D. 269, 273 (S.D.N.Y. 2024) (*Radio Music*); *In re OpenAI, Inc., Copyright Infringement Litig.*, 800 F. Supp. 3d 602, 607 (S.D.N.Y. 2025) (cleaned up). To determine relevance, the Court must examine the relationship between the discovery sought and the "ultimate issue at the heart" of the case. *Radio Music*, 347 F.R.D. at 273.

Here, the ultimate issue in this case is whether Martino intentionally disregarded the 2009 Amendment to the GAAP OTTI standard. Yet, RFP No. 3 seeks discovery solely regarding the Public Statements,[2] which concern pre-2009 guidance. As explained above, the 2009 Amendment was in response to, and resolved, the concerns expressed in the Public Statements about the OTTI guidance by providing a new GAAP standard that, for the first time, defined how the industry was to determine OTTI. (Ex. E ¶¶ 17-18, 27-29). Indeed, contrary to the concerns expressed in the Public Statements, the 2009 Amendment proved to be "well understood by investors and … applied consistently by preparers." (*Id.* at 36). Thus, because the Public Statements do not concern the OTTI standard applicable in 2022, any discovery regarding them is irrelevant to scienter, falsity or materiality.

---

[2] Martino has access to the Public Statements (Ex. F ¶ 9) and does not demonstrate, as is his burden, how internal SEC documents and SEC communications concerning the Public Statements are relevant to this action. (D.E. 72 at 1-3).

For example, the Public Statements' concerns regarding the pre-2009 OTTI guidance are not germane "to establishing the applicable standard of care for OTTI judgments" (D.E. 72 at 2) in 2022—and, thus, are not relevant to Martino's conduct at issue in this case—because the applicable OTTI standard changed substantially in April 2009, after the SEC staff issued those statements. (Ex. E ¶ 30-37). Tellingly in this regard, Martino's RFP No. 3 does not seek discovery on any post-2009 SEC staff statements concerning OTTI, presumably because he understands that the post-2009 GAAP OTTI standard does not pose the same issues of complexity and difficulty as the repealed, pre-2009 guidance. (Ex. E ¶ 34-37). In any event, contrary to Martino's argument that the 2009 Amendment provides management with "extra discretion" (D.E. 72 at 3), the Complaint does not allege that he improperly exercised his judgment in determining OTTI but, rather, that he intentionally disregarded the GAAP standard that had been in effect since the 2009 Amendment. (D.E. 1 ¶¶ 217, 233-236, 252-96; D.E. 58 at 11-14).

Likewise, the above arguments defeat Martino's claim that the Public Statements are relevant to the SEC's credibility (D.E. 72 at 3) because those statements concerned long-repealed guidance that was inapplicable to Martino's conduct in this case. The Public Statements' criticisms of the former OTTI guidance, therefore, cannot undermine the SEC's credibility.

Finally, the third quoted Public Statement in RFP No. 3 largely concerned "fair value" accounting (Ex. E ¶ 24; Ex. D), an issue not currently in dispute. (D.E. 1 ¶ 170; D.E. 59 ¶ 170). Although Martino misconstrues this Public Statement to make the excerpt he cites appear to be a commentary on OTTI, it is not. (*Compare* Ex. A at 12 *with* Ex. D at 2-3). In any event, to the extent this third Public Statement touched on OTTI, it concerns pre-2009 SEC staff guidance that was inapplicable to Martino's post-2009 conduct and irrelevant to this case. (Ex. E ¶¶ 24-25, 37). For all of these reasons, the Court should deny Martino's motion on relevancy grounds alone.

### III.    RFP No. 3 Is Not Proportional to the Needs of the Case

Even if RFP No. 3 sought relevant discovery, the Court nonetheless should deny Martino's motion because it seeks information that is not "proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1), (2). RFP No. 3 is overbroad and unduly burdensome because it requests, without any time limitation, all drafts of the Public Statements; all internal and external SEC staff communications regarding the Public Statements (including any involving the SEC Chair and Commissioners); and any other documents related to the Public Statements. (Ex. A at 2, 3, 12).

Based on the SEC's preliminary inquiry, the burden and breadth associated with complying with these requests would be immense. The SEC has identified at least 83 potential custodians related to the Public Statements, whose emails and network drives over an 18-to-21-year period would need to be collected, searched, and reviewed. (Ex. F ¶ 10). Due to the 21-year time span, this process would require searching across three different repositories and in some instances using specialized searches to gather emails sent or received before January 1, 2008. (*Id.* ¶¶ 12, 14). The SEC's preliminary inquiry also indicates that millions of emails must be collected and searched to comply with RFP No. 3. (*Id.* ¶¶ 16, 17). Because RFP No. 3 calls for drafts and internal SEC communications, many responsive documents are likely subject to work product, deliberative process, and attorney-client privileges and must be manually reviewed. In addition, some responsive documents have been transferred to the National Archives and Records Administration (the "NARA") and would have to be retrieved. (*Id.* ¶ 9). Thus, any conceivable relevance of such documents to the ultimate issues in this case is far "outweighed by the burdens and delays that would be imposed" by requiring a search and review for potentially responsive documents. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018). Accordingly, RFP No. 3 seeks discovery that is not proportional to the needs of this case, and Martino's motion should be denied for this additional reason.

The Hon. Stewart D. Aaron                                      March 16, 2026
Page **4** of **4**

Respectfully submitted,

/s/ Peter A. Mancuso
Peter A. Mancuso
Hayden M. Brockett
Mao Yu Lin
Trial Counsel
*Counsel for Plaintiff SEC*