# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

U.S SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiffs,

        against                   24-Civ-4987

SILVERGATE CAPITAL CORPORATION,
ALAN J. LANE, KATHLEEN FRAHER, and
ANTONIO MARTINO,

                    Defendants.

-------------------------------------------------------------x

**DEFENDANT ANTONIO MARTINO'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the definitions

and instructions set forth below, Defendant Antonio Martino, by and through undersigned counsel,

requests that Plaintiff, the U.S. Securities and Exchange Commission ("**SEC**"), produce

documents responsive to the following requests (the "**Requests**"), within 30 days from the date of

service, at the offices of Linklaters LLP, 1290 Avenue of the Americas, New York, New York

10104, or at such other time and place as may be agreed among counsel or ordered by the Court.

**DEFINITIONS**

The following definitions shall apply to the Requests:

1.     "Action" means the above-captioned civil action.

2.     "Complaint" means the Complaint (ECF No. 1) filed in the Action on July 1, 2024,

and/or any subsequent amendments.

3.      "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium, between or among two or more Persons or entities including but not limited to spoken words, inquiries, discussions, conversations, conferences, interviews, negotiations, agreements, reports, meetings, correspondence, letters, electronically transmitted messages (*e.g.*, email, text messages, instant messaging), postings on Internet bulletin boards, or other forms of written, verbal or electronic intercourse, however transmitted, ESI (as defined below), and Documents (as defined below).  Unless otherwise stated, "Communication(s)" includes both internal SEC correspondence and any external communications with those outside the SEC (including Persons affiliated with other government entities (as defined below)).

4.      The words "Plaintiff," "SEC," "you," or "your" refer to the United States Securities and Exchange Commission, SEC Chair and Commissioners, and the SEC's staff in each of its Divisions and Offices—including but not limited to the Division of Enforcement, the Division of Corporate Finance, the Office of the Chief Accountant, and the Office of Economic Analysis— and any of your present or former employees, affiliates, subsidiaries, entities, representatives, advisors, agents, attorneys, associates, or any other person acting on the SEC's behalf.

5.      The terms "concerning," "regarding," "with regard to," "relating to," and "referring to," and any similar word or phrase, shall be read and applied as interchangeable and shall be construed in the broadest sense permitted, including by Local Civil Rule 26.3, to mean discussing, supporting, describing, concerning, regarding, with regard to, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or in conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

2

6.      "Document(s)" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, the original and all non-identical copies of any handwritten, printed, typed, recorded, or other graphic material, or ESI (as defined below), of any kind and nature, including all drafts and transcriptions thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books of account, calendars, catalogs, checks, Communications (as defined herein), computer data, computer disks, contracts, correspondence, date books, diaries, diskettes, drawings, email messages, faxes, guidelines, instructions, inter office Communications, invoices, letters, logs, manuals, memoranda, minutes, notes, opinions, payments, plans, purchase confirmations, receipts, records, regulations, reports, sound recordings, spreadsheets, statements, studies, surveys, tickets, timesheets, trade records, vouchers, word processing materials (however stored or maintained), and all other means by which information is stored for retrieval in fixed form.  The term "Document(s)" further means any Document in the possession, custody, or control of the entities and individuals to whom this Document Request is directed (together with any of their present or former employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on their behalf).  Without limitation to the term "control" as used in the preceding sentence, an entity or individual is deemed to be in control of a Document if that entity or individual has the right to secure the Document or a copy thereof from another entity or individual having actual possession thereof.

7.      "Electronically Stored Information" or "ESI" is defined broadly to give the full scope of that term as contemplated by Rule 34 of the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof.  "Electronically

3

stored information" or "ESI" includes information stored in any format and on any storage media (and regardless of whether it is in the original format in which it was created), including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. "Electronically stored information" or "ESI" includes word-processing Documents; electronic spreadsheets; electronic presentation Documents; email messages; image files; sound files; and material or information stored in a database, or accessible from a database. "Electronically stored information" or "ESI" also includes all associated system data, deleted data, and fragmented data as well as metadata that is maintained or saved, which includes: Document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information. "Electronically stored information" or "ESI" further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries, records of conversations; drafts; notes; notebooks; logs; translations; drawings; graphs; charts; photographs; sound recordings; images; data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

8.    "Self-Regulatory Organization" means an entity which promulgates and/or enforces industry and professional standards, rules, and/or regulations governing a specific industry, *e.g.*, the Financial Industry Regulatory Authority.

9. "Accounting Authority" means an entity which promulgates accounting standards, *e.g.*, the Financial Accounting Standards Board.

10. "Government-Sponsored Enterprise" means a privately-held entity established by Congress to provide public financial services. For the avoidance of any doubt, this term includes the Federal Home Loan Bank.

11. "Government Entity" means (i) any federal, state, local, or foreign agency or authority or any current or former officer, employee, or agent thereof, or (ii) any current or former elected official (whether federal, state, local, or foreign) or any officer, employee, or agent thereof.

12. "Federal Reserve Bank" means the U.S. central bank, including the Board of Governors and any of the twelve Banks of the Federal Reserve Districts. For the avoidance of any doubt, this term includes the Federal Reserve Bank of San Francisco.

13. The term "Silvergate" includes Silvergate Capital Corporation, Silvergate Bank, Silvergate Liquidation Corporation, and any of their present or former employees, officers, directors, affiliates, subsidiaries, divisions, predecessors, successors, representatives, advisors, agents, attorneys, associates, or any other individual or entity acting on their behalf, and refers to each individually and all collectively.

14. "Investigation" means the investigation(s) of individuals and entities that resulted in or contributed to the filing of the Action, including but not limited to the SEC investigation captioned *In the Matter of Silvergate Capital Corporation* (NY-10658).

15. "Person" means any natural person or individual, or any firm, partnership (general or limited), limited liability company, proprietorship, corporation, unincorporated association, trust, joint venture, or any other legal or governmental entity, organization, or body of any type

5

whatsoever, as well as all agents, officers, directors, boards, committees, subcommittees, employees, consultants, representatives, or instrumentalities thereof.

16.    "Relevant Period" means June 1, 2022 through the present.

17.    The language of the Requests shall be read liberally, so as to be inclusive rather than exclusive, and in particular: (i) the use of the singular shall be deemed to include the plural and vice versa, and the use of one gender shall include the other; (ii) the terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents that might otherwise be construed as outside its scope; (iii) the present tense includes the past and future tenses, and vice versa; (iv) the terms "any" or "all" shall mean "any and all," "each and every," and "anyone and everyone"; and (v) "include," "includes," and "including" shall mean "including but not limited to."

## INSTRUCTIONS

The following instructions shall apply to the Requests contained herein.  The Requests call for the production of all responsive Documents that are in your possession, custody, or control, wherever located, regardless of whether they are possessed directly by you or any of your agents, representatives, employees, accountants, attorneys, or other persons acting or purporting to act on your behalf.

1.    These Requests are continuing and require further and supplemental production by you whenever you locate, acquire, or create additional responsive Documents or Communications between the time of the initial production hereunder and the time of the trial in this Action. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are instructed to promptly amend your responses to the Requests if you obtain information on the basis of which: (i) you know that the response was incorrect when made; or (ii) you know that the response, though correct

6

when made, is no longer true, and failure to amend the response would be, in substance, a knowing concealment.

2.      You shall produce all Documents in the manner in which they are maintained in the usual course of your business, in their original file folders, with all labels or similar markings intact and included, and with the name of the Person from whose file they were produced, and/or you shall organize and label the Documents to correspond with the categories in this Request. A Request for a Document shall be deemed to include a Request for any and all file folders within which the Document was contained and any non-identical copies or drafts of the Document, as well as transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself.

3.      Unless the parties agree otherwise, all electronically stored information shall be produced in the form in which it is kept in its usual course. If electronically stored information is produced in the form in which it is kept in its usual course, but it is not reasonably useable or accessible in that form, you shall produce, along with the Document(s), all software, instructions, or tools necessary to make the information reasonably useable or accessible.

4.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document's custodian(s).

5.      Documents attached to each other should not be separated.

6.      If you claim any form of privilege or protection or other reason, whether based on statute or otherwise, as a ground for not producing requested Documents, you shall furnish a privilege log identifying each Document or Communication for which the privilege or protection

7

is claimed in compliance with Federal Rule of Civil Procedure 26(b)(5), and/or such other parameters as may be agreed between the parties.

7.    Documents not otherwise responsive to a Request shall be produced if such Documents mention, discuss, refer to, or explain the Documents which are called for by a Request.

8.    If any portion of any Document or Communication is responsive to any Request, the entire Document or Communication must be produced.

9.    If it is not possible to produce any Document called for by a Request, or if any part of a Request is objected to, the reasons for the failure to produce the Documents or the objection should be stated specifically as to all grounds.  If you object to part of a Request, you must produce all Documents and Communications responsive to the part of the Request to which you did not object.

10.    Each Request for production shall be construed independently and not with reference to any other Request for production for the purpose of limitation.

11.    Requests are not intended to limit or modify other Requests and should not be interpreted as limiting or modifying other Requests.

12.    If you contend that any Request is overly broad and/or unduly burdensome, identify all aspects of the Request that are overly broad or unduly burdensome and produce the Documents and Communications that are not subject to this contention.

13.    If any Document or Communication responsive to any Request has been destroyed or lost, you shall notify undersigned counsel of that fact and shall thereafter meet and confer with undersigned counsel regarding the information to be provided with respect to such Documents and Communications.

14.     Any responsive Documents or Communications shall be produced in accordance with any confidentiality or protective order and any order concerning forms and format for document productions entered by the Court in this Action.

15.     If there are no Documents or Communications responsive to any particular Request or subpart thereof, you shall so state in writing.

16.     Unless otherwise specified, the time period for these Requests is June 1, 2022 through the present.

17.     Each Request for Documents and/or Communications includes a Request for, without limitation, all non-privileged SEC Communications and Documents, all Communications with third parties (including without limitation any Self-Regulatory Organization or Accounting Authority, any Government Entity, any Government-Sponsored Enterprise, and any Federal Reserve Bank), and all SEC Documents or Communications reflecting communications with such third parties, in any way related to the subject matter of the particular Request.

18.     If you do not understand any part of any Request or the foregoing Definitions and Instructions, you should seek clarification from undersigned counsel.

19.     Mr. Martino serves these Requests without prejudice to his right to serve additional requests for the production of documents.

## REQUESTS FOR PRODUCTION

**Request No. 1**

Your complete file in connection with the Investigation and/or Action[1], and all other Documents and Communications related to the Investigation and/or Action, including but not limited to the following:

a. All subpoenas, demands, voluntary production requests, and other similar or related requests to provide Documents, materials, information, testimony, or an interview, including Documents concerning the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom you gathered or sought to gather information in connection with the Investigation and/or Action;

b. All Documents received in response to any such requests, or otherwise obtained by you from third parties or third-party sources;

c. All transcripts, notes, recordings, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes, memoranda, witness statements or similar materials developed or obtained in connection with the Investigation and/or Action;

d. All Documents memorializing, evidencing, or concerning any Communications you had with any Government Entity, Self-Regulatory Organization, Accounting Authority, Government-Sponsored Enterprise, any Federal Reserve Bank, and/or any other third party relating to the Investigation and/or Action, including but not limited to any written or oral submissions or presentations made to or by third parties;

---

[1] For the avoidance of doubt, the SEC is already obligated to produce these materials on January 21, 2026, pursuant to the initial production requirements of the operative Case Management Plan (ECF 61), and this Request is issued without prejudice to those obligations.

10

e.   All Documents and Communications concerning any cooperation agreement(s) between you and any Person or entity from whom you gathered or sought to gather information in connection with the Investigation and/or Action;

f.   All analyses (including but not limited to any regression and correlation, or event study analysis), whether done by you or on your behalf relating to Silvergate, the Investigation, and/or the Action;

g.   Your Contact List and Document Index for the Investigation and/or Action, as contemplated in Section 3.2.9.4 of the SEC Enforcement Manual.

h.   The Action Memorandum, as contemplated in Section 2.5.1 of the SEC Enforcement Manual, as well as any other non-privileged Documents and Communications exchanged between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff, concerning the bases for initiating the Investigation and the Action.

i.   All potentially exculpatory information.

**Request No. 2**

Without limitation as to the applicable time period, all Documents and Communications that you intend to use or otherwise rely upon, or have already used or relied upon, for any purpose in this Action, including without limitation: (i) all Documents and Communications identified, quoted, or referenced in the Complaint and (ii) all Documents and Communications that were created, reviewed, considered, or relied upon by you in preparing the Complaint, including, without limitation, any computations or analyses prepared by you underlying any assertions in the Complaint.

11

**Request No. 3**

Without limitation as to the applicable time period, all Documents and Communications (including drafts) related to the following statements:

a. "Impairment accounting can be complex . . . Judgment is required in assessing whether an OTTI exists . . . The current global economic crisis has highlighted difficulties in performing OTTI evaluations." SEC, Report and Recommendations Pursuant to Section 133 of the Emergency Economic Stabilization Act of 2008: Study on Mark-To-Market Accounting, FRASER 25, 30 (Dec. 30, 2008).

b. "[B]right line or rule of thumb tests are not appropriate for evaluating other than temporary impairments." SEC Staff Updates Guidance On Accounting and Disclosure Issues, Sec. Exch. Comm'n. Today, 7992179 (Mar. 4, 2005).

c. "The result of disorderly transactions is not determinative when measuring fair value. Distressed or forced liquidations sales are not orderly transactions, and thus the fact that a transaction is distressed or forced should be considered when weighing available evidence . . . fair value measurement and the assessment of impairment may require significant judgments." SEC and FASB Issue Guidance on Fair Value Measurements, 2008 WL 11261656, at *1-2.

Dated:    New York, New York
          December 26, 2025

                                        Respectfully submitted,

                                        LINKLATERS LLP

                                        By:    _/s/ Adam S. Lurie_

12

Adam S. Lurie
Patrick C. Ashby
Elizabeth Myers Raulston
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Fax: (212) 903-9100
adam.lurie@linklaters.com
patrick.ashby@linklaters.com
elizabeth.raulston@linklaters.com

Douglas J. Davison (*pro hac vice*)
601 13th St. NW #400
Washington, D.C. 20005
Telephone: (202) 654-9200
Fax: (202) 654-9210
doug.davison@linklaters.com

*Attorneys for Defendant Antonio Martino*

13

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2025, a true and correct copy of the foregoing

Defendant Antonio Martino's Rule 26(a)(1) First Set of Requests for Production of Documents

was served via electronic mail to Plaintiff's counsel at the following addresses:

Peter A. Mancuso, MancusoPe@SEC.GOV
Hayden M. Brokett, BrockettH@SEC.GOV
Laura E. Meehan, MeehanLa@SEC.GOV

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004

LINKLATERS LLP

By:   */s/ Adam S. Lurie*
Adam S. Lurie
601 13th St. NW
Suite 400
Washington, DC 20005
(202) 654-9227
adam.lurie@linklaters.com

*Attorney for Defendant Antonio Martino*

14